## TRAVERS *vs.* BOURDIN.

*Fourth Judicial District Court, August,* 1857.

### JURISDICTION OF JUSTICES OF THE PEACE.

It must appear conclusively that the Justice of the Peace is prevented by sickness, or other disability, from presiding at a trial, before another Justice can preside in his stead, and hear and determine the action.

The judgment entered by a Justice in another township court, where this fact is not shown conclusively, will be set aside as void.

This was a suit to obtain a perpetual injunction, restraining defendant, Bourdin, and the Justice of the First District Court, and his suc-

cessors in office, from taking any proceeding, or issuing execution in a certain judgment entered against plaintiff in said Court, and that the judgment be declared void. It appeared that Bourdin, in October, 1856, commenced an action against plaintiff, in the Justice's Court of the First Township, and the hearing of the same was adjourned several times, but was finally tried on the 27th October, 1856. That L. Ryan, Esq., the Justice of said Court, and defendants, were absent, but that D. B. Castree, the Justice of the Fourth Township, acting in the stead and during the temporary absence of the said Ryan, entered the default of defendants, and granted judgment against said Travers for $114. Plaintiff further alleges that the Sheriff has seized under execution his property, by virtue of an execution issued by the present Justice of the First District, and has advertised the same for sale, and will proceed with such sale unless restrained by decree of this Court.

Plaintiff relies upon sec. 612, of the Practice Act, to vacate the judgment. It provides that in case of sickness, other disability, or necessary absence of a Justice, another Justice of the same county shall attend and hear the case on his behalf. As there was no proof of the sickness or other disability, of Justice Ryan, he contends Justice Castree was incompetent to act, and therefore all proceedings had before him were void.

*G. F. James*, for plaintiff.

*Hubert & Tobin*, for defendant.

HAGER, J., decided that the injunction should be made perpetual, and judgment be accordingly entered upon an examination of the record below, where nothing appeared to show that the Justice of the Court was prevented from hearing and determining the cause, either from sickness, necessary absence, or other disability, or that Justice Castree, of the 4th township, had either jurisdiction of the action, or authority to act in the 1st township, under the section of the Practice Act applicable to such cases. Jurisdiction and authority to act cannot be inferred; it must appear by the record, or otherwise; and in the absence of all proof, the imperative provision of another statute, (Comp. Laws, p. 754, §94,) that a Justice can hold a Court only in his own township, must prevail.